O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ANTHONY V. SOSA,

    Plaintiff,

vs.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

Case No. 8:17-CV-00891 (VEB)

DECISION AND ORDER

## I. INTRODUCTION

In December of 2013, Plaintiff Anthony V. Sosa applied for Supplemental Security Income benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff, represented by Bill LaTour, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 11, 12, 18, 19). On February 28, 2018, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 17).

## II. BACKGROUND

Plaintiff applied for benefits on December 27, 2013, alleging disability beginning April 15, 2012. (T at 56).[1] The application was denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On December 15, 2015, a hearing was held before ALJ Alan Markiewicz. (T at 24). Plaintiff appeared with an attorney and testified. (T at 30-50). The ALJ also received testimony from Alan Boroskin, a vocational expert (T at 51-53).

On March 22, 2016, the ALJ issued a written decision denying the application for benefits. (T at 8-23). The ALJ's decision became the Commissioner's final decision on April 11, 2017, when the Appeals Council denied Plaintiff's request for review. (T at 1-4).

On May 22, 2017, Plaintiff, acting by and through his counsel, filed this action seeking judicial review of the Commissioner's decision. (Docket No. 1). The

---

[1] Citations to ("T") refer to the transcript of the administrative record at Docket No. 15.

1 Commissioner interposed an Answer on August 30, 2017. (Docket No. 14). The
2 parties filed a Joint Stipulation on December 6, 2017. (Docket No. 16).

3 After reviewing the pleadings, Joint Stipulation, and administrative record,
4 this Court finds that the Commissioner's decision should be affirmed and this case
5 must be dismissed.

### III. DISCUSSION

#### A. Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual

functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.     Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

5

DECISION AND ORDER – SOSA v BERRYHILL 8:17-CV-00891-VEB

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and

6

DECISION AND ORDER – SOSA v BERRYHILL 8:17-CV-00891-VEB

making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**C.     Commissioner's Decision**

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since December 27, 2013 (the alleged onset date). (T at 13). The ALJ found that Plaintiff's obesity and lumbar strain were "severe" impairments under the Act. (Tr. 13). However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 14).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a reduced range of sedentary work as defined in 20 CFR § 416.967 (a), as follows: he can lift/carry 10 pounds occasionally and up to 10 pounds frequently; he can stand/walk for 2 hours in an 8-hour workday while using a hand-held assistive device to ambulate more than 20 feet and a motorized assistive device for ambulating more than 100 feet; he can sit for 6 hours in an 8-hour workday; he can never climb ladders/ropes/scaffolds, but can occasionally climb ramps and

7

DECISION AND ORDER – SOSA v BERRYHILL 8:17-CV-00891-VEB

stairs; he can occasionally balance, stoop, kneel, crouch, and crawl; he should avoid all exposure to hazards. (T at 14).

The ALJ found that Plaintiff could not perform his past relevant work as a security guard. (T at 18). However, considering Plaintiff's age (43 on the application date), education (at least high school), work experience, and residual functional capacity, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 18).

As such, the ALJ found that Plaintiff was not entitled to benefits under the Social Security Act from December 27, 2013 (the application date) through March 25, 2016 (the date of the ALJ's decision). (T at 19). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-4).

**D.    Disputed Issues**

As set forth in the parties' Joint Stipulation (Docket No. 16), Plaintiff offers two (2) arguments in support of his claim that the Commissioner's decision should be reversed. First, he contends that the ALJ did not properly consider Listing §1.04. Second, Plaintiff challenges the ALJ's credibility determination. This Court will address both arguments in turn.

# IV. ANALYSIS

## A. Listing § 1.04

At step three of the sequential evaluation, the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed in Appendix 1 of the Regulations (the "Listings"). *See* 20 C.F.R. §§ 404.1520(d), 416.920(d). If a claimant meets or equals a listed impairment, he or she is "conclusively presumed to be disabled and entitled to benefits." *Bowen v. City of New York*, 476 U.S. 467, 471, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986); *see also Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993); *see also* 20 C.F.R. §§ 404.1525(a); 416.925(a).

An impairment meets a Listing if the impairment matches all of the medical criteria specified in the Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530, 110 S. Ct. 885, 107 L. Ed. 2d 967 (1990); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). An impairment or combination of impairments that satisfies some, but not all of the criteria, does not qualify. *Sullivan*, 493 U.S. at 530; *Tackett*, 180 F.3d at 1099.

The claimant bears the burden of proving that she has an impairment or combination of impairments that meets or equals the criteria of a listed impairment. To satisfy this burden, the claimant must offer medical findings equal in severity to

all requirements, which findings must be supported by medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. § 416.926(b).

If a claimant's impairment does not satisfy the Listings criteria, he or she may still be disabled if the impairment "equals" a listed impairment. 20 C.F.R. § 404.1520(d). Equivalence will be found if the medical findings are (at a minimum) equal in severity and duration to the Listed impairment. *Marcia v. Sullivan*, 900 F.2d 172, 175 (9th Cir. 1990). To determine medical equivalence, the Commissioner compares the findings concerning the alleged impairment with the medical criteria of the listed impairment. 20 C.F.R. §§ 416.924(e), 416.926.

If a claimant has multiple impairments, the ALJ must determine "whether the combination of [the] impairments is medically equal to any listed impairment." 20 C.F.R. § 404.1526(a). The claimant's symptoms "must be considered in combination and must not be fragmentized in evaluating their effects." *Lester v. Chater*, 81 F.3d 821, 829 (9th Cir. 1996). "A finding of equivalence must be based on medical evidence only." *See Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001)(citing 20 C.F.R. § 1529(d)(3)).

"[I]n determining whether a claimant equals a listing under step three . . . the ALJ must explain adequately his evaluation of alternative tests and the combined effects of the impairments." *Marcia*, 900 F.2d at 176 (9th Cir. 1990). A remand may

be required if ALJ fails adequately to consider a Listing that plausibly applies to the claimant's case. *See Lewis*, 236 F.3d at 514.

Listing § 1.04 relates to disorders of the spine. The ALJ in this case considered Listing § 1.04, but concluded that Plaintiff's impairments did not meet or medically equal the Listing requirements. (T at 14). Plaintiff argues that he has a spine disorder that satisfies the requirements of § 1.04 (A). Section 1.04 (A) of the Listing requires a spine disorder, resulting in compromise of the nerve root (including the cauda equine) or spinal cord, along with evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of the spine, motor loss (atrophy with associated muscle weakness) accompanied by sensory or reflex loss, and (if there is involvement of the lower back), positive straight-leg raising test, sitting and supine. *See* 20 CFR Part 404, Subpart P, Appendix 1.

This Court finds that the ALJ's consideration of this Listing was sufficient and the conclusion that Plaintiff did not meet or equal Listing §1.04 is supported by substantial evidence. X-rays of Plaintiff's lumbar, thoracis, and cervical spine were negative and a CT myelogram indicated no evidence of spinal cord compression. (T at 17, 257-59, 415, 485, 488). Plaintiff was hospitalized in February of 2015 and underwent an "extensive" neurological "workup," which revealed no significant

findings. (T at 415). Plaintiff was encouraged to exercise for weight loss. (T at 415). The ALJ also referenced contemporaneous treatment notes, which generally showed no significant neurological findings over time. (T at 16, 298, 332, 439).

Although there is some evidence of reduced range of motion (T at 332), treating providers referenced Plaintiff's apparent lack of effort during examinations, which appeared to impact the findings. (T at 439, 485). There is also a lack of evidence of motor loss or sensory or reflex loss. Physical examinations generally indicated full strength, normal muscle tone and reflexes, intact sensation, and intact coordination. (T at 298, 332, 487). A February 2015 report describes discussions between Plaintiff and his treatment team, wherein the medical providers noted "the absence of structural or chemical abnormalities to explain [Plaintiff's] symptoms" and encouraged Plaintiff to pursue physical therapy, improved diet, and an exercise program. (T at 415).

Plaintiff points to other evidence in the record that tends to suggest that he meets some of the Listing § 1.04 requirements. However, as noted above, there a lack of evidence as to all of the Listing-level requirements, which is necessary at step three of the evaluation process to establish a Listing-level impairment.

Moreover, it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989);

*Richardson*, 402 U.S. at 400. If the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

Here, the ALJ's decision was supported by substantial evidence. Accordingly, this Court finds the ALJ's step three Listing analysis, being supported by substantial evidence, must therefore be sustained.

**B. Credibility**

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear

and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows: He suffers from back pain that radiates to his legs, rendering him "pretty much bedridden." He needs assistance to attend to personal care and household chores, can sit for only 30 minutes at a time, and is able to ambulate minimally without using a motorized scooter. (T at 42, 44-45, 48-49).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that his statements concerning the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 18).

This Court finds that the ALJ's credibility determination was supported by substantial evidence and consistent with applicable law.

First, the ALJ found that Plaintiff's testimony was not supported by the objective medical evidence. X-rays of the lumbar, cervical, and thoracic spine were negative; a CT myelogram indicated no evidence of spinal cord compression or edema. (T at 17, 257-29, 485). A February 2015 neurological workup revealed no significant pathology. (T at 17, 485). No treating or examining physician assessed limitations consistent with the level of disability alleged by Plaintiff. (T at 18). In April of 2014, Dr. Richard Kim performed a consultative examination and opined that Plaintiff could lift/carry 20 pounds occasionally and 10 pounds frequently, walk two hours per work day using a cane for short distances and a power scooter for long distances, and sit for six hours per day. (T at 333-34). Dr. Hurley Knott, a non-examining State Agency review physician, concluded that Plaintiff could perform a reduced range of sedentary work consistent with the ALJ's RFC determination, with the use of a hand-held assistive device and scooter. (T at 63-64).

Although lack of supporting medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ may consider when analyzing credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). In other words, an ALJ may properly discount subjective complaints where, as here, they are

15

DECISION AND ORDER – SOSA v BERRYHILL 8:17-CV-00891-VEB

contradicted by medical records. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002).

In addition, the record contained evidence of possible symptom exaggeration. In February 2014, it was reported that Plaintiff's sensitivity and tenderness to light touch could be a "dramatic response." (T at 16, 298). A treating provider observed that Plaintiff made inconsistent statements regarding his ability to use his legs; *i.e.* claiming he was unable to move his legs, but moving them and wiggling his toes when he did not know he was being observed. (T at 16, 485, 488). The ALJ properly considered these inconsistencies when assessing Plaintiff's credibility. *See Fair v. Bowen*, 885 F.2d 597, 604 n. 5 (9th Cir. 1989)(noting that ALJ may rely on "ordinary techniques of credibility evaluation" and discount a claimant's credibility if he or she "has made prior statements inconsistent" with subjective complaints or "is found to have been less than candid in other aspects of his [or her] testimony").

Lastly, the ALJ reasonably concluded that Plaintiff's activities of daily living, which included driving, shopping with his wife, paying bills, and light household chores, were inconsistent with the level of disability alleged. (T 15, 205-12). Activities of daily living are a relevant consideration in assessing a claimant's credibility. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Although the

claimant does not need to "vegetate in a dark room" to be considered disabled, *Cooper v. Brown*, 815 F.2d 557, 561 (9th Cir. 1987), the ALJ may discount a claimant's testimony to the extent his or her activities of daily living "contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2011).

It should be said that the record clearly reveals that Plaintiff lives with pain and limitations arising from his impairments. However, the fact that a claimant suffers from pain, even significant pain, is not sufficient, without more, to justify an award of benefits. Rather, the pain must be so severe as to preclude gainful employment. *See Fair*, 885 F.2d at 603 ("[M]any medical conditions produce pain not severe enough to preclude gainful employment. The Disability Insurance and Supplemental Security Income programs are intended to provide benefits to people who are unable to work; awarding benefits in cases of nondisabling pain would expand the class of recipients far beyond that contemplated by the statute."); *Curbow v. Colvin*, No. CV-14-8222, 2016 U.S. Dist. LEXIS 12147, *16 (D. Ariz. Feb. 1, 2016)("[D]isability requires more than mere inability to work without pain.").

Here, for the above-stated reasons, this Court finds that the ALJ's credibility determination is supported by substantial evidence and must be sustained. *See*

*Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir. 1999)("[Q]uestions of credibility and resolutions of conflicts in the testimony are functions solely of the [Commissioner].").

## V. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the examining medical providers and the non-examining consultants, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and substantial evidence supports the Commissioner's decision.

# VI. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision; and

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case.

DATED this 25th day of September 2018,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE